UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NELIN KEHOE, | Case No. 2:25-cv-01146-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER**<br>**AND**<br>**REPORT AND RECOMMENDATION** |
| TAMRA WALKER, QUEENS FAMILY COURT NEW YORK, NEW YORK STATE UNIFIED COURT SYSTEM, AHU KIP | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. The IFP application is complete and, therefore, granted. However, the Court recommends the Complaint be dismissed with prejudice because the Court lacks personal jurisdiction over the Defendants.

**I.    Screening Standard**

Having granted Plaintiff's IFP applications, the Complaint is screened under 28 U.S.C. § 1915(e)(2). Under this standard, the reviewing Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th

1  Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in
2  the complaint as true, and the court construes them in the light most favorable to the plaintiff.
3  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

4      Allegations of a pro se complainant are held to less stringent standards than pleadings drafted
5  by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does
6  not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions.
7  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a
8  cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying
9  pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the
10 assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can
11 provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When
12 there are well-pleaded factual allegations, a court should assume their veracity and then determine
13 whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint
14 states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to
15 draw on its judicial experience and common sense." *Id*.

16     Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack
17 an arguable basis either in law or in fact. This includes claims based on legal conclusions that are
18 untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a
19 legal interest which clearly does not exist), as well as claims based on fanciful factual allegations
20 (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989);
21 *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

22 **II.    The Court Lacks Personal Jurisdiction Over Defendants**

23     Federal courts are courts of limited jurisdiction and possess only that power authorized by
24 the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is
25 presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock*
26 *West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).
27 "The party asserting federal jurisdiction bears the burden of proving that the case is properly in

federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

"Federal courts may exercise either general or specific personal jurisdiction over a defendant. *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, Case No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *3 (D. Nev. Oct. 10, 2012) (internal citations omitted). To establish general jurisdiction, a defendant must have sufficient contacts with the forum state to constitute the "kind of continuous and systematic general business contacts that approximate physical presence." *AMC Fabrication*, 2012 WL 4846152, at *3 (internal citation omitted). Plaintiff pleads no facts to establish general personal jurisdiction over any defendant identified in her Complaint. ECF No. 1-1.

A district court may exercise specific jurisdiction over a defendant if the causes of action "arise[] out of or relate to" the defendant's in-state activity. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Determining whether specific jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177, 1180 (9th Cir. 2004). Because Nevada's long-arm statute, NRS § 14.065, reaches the "outer limits of federal constitutional due process," the Court need only analyze whether exercising specific jurisdiction over Defendants comports with due process. *Certain-Teed Prods. Corp. v. Second Judicial Dist. Ct.*, 479 P.2d 781, 784 (Nev. 1971).

Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation omitted). The contacts "must be the defendant's own choice and ... must show that the defendant deliberately reached out beyond its home." *Id.* (citations omitted). The Ninth Circuit employs a three prong test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities

>in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The burden initially falls on the plaintiff to show the first two prongs but subsequently shifts to the defendant to show the third. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011)

Here, Plaintiff pleads no facts establishing personal jurisdiction over any named Defendant.[1] Indeed, all Defendants reside in New York City (either Queens or Manhattan) and all events occurred in or associated with proceedings in the Queens Family Court. ECF No. 1-1 at 18-19. Plaintiff describes no activity or transaction occurring in Nevada and, therefore, nothing any Defendant did is related to the State of Nevada. *Id*., *generally*. The exercise of jurisdiction over the named Defendants does not comport with justice or fair play. An exercise of jurisdiction by the federal court in Nevada would not be reasonable.

Therefore, based on the foregoing the Court recommends dismissing this case without prejudice, but without leave to amend in this Court. A without prejudice dismissal will allow Plaintiff to file her case in the Federal District Court for the Southern District of New York, if she chooses to do so.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**IV.    RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice, but without leave to amend in this Court as the U.S. District Court for the District of Nevada lacks personal jurisdiction over Defendants (two of whom are immune from suit in any

---

[1] The Defendants include Tamra Walker, a Queens, NY resident; the Queens Family Court, with a Queens, New York address; Ahu Kip, a Queens, New York resident; and the New York Unified Court System located in New York, NY (Manhattan). ECF No. 1-1 at 2. The Court notes the Queens Family Court and New York Unified Court System are immune from suit. *See Davis v. Westchester County Family Court*, Case No. 16-cv-9487 (KMK), 2017 WL 4311039 at **4-5 (S.D.N.Y. Sept. 26, 2017).

court). This will allow Plaintiff, if she so chooses, to pursue claims in the District Court for the Southern District of New York.

Dated this 30th day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).